## M. McGOVERN et al.
### v.
### NEW ORLEANS CLERKS & CHECKERS, LOCAL 1497 ILA, et al.
### Civ. A. No. 71-2623.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 27, 1972.

Gilbert P. Cohen, of Greenberg, Cohen & Dallam, Gretna, La., for plaintiffs.

Victor H. Hess, Jr., of Jackson & Hess, New Orleans, La., for defendant Union.

CHRISTENBERRY, District Judge.

Petitioners in this action are members of the New Orleans Clerks & Checkers, Local No. 1497 (hereinafter "Local 1497"), affiliated with the International Longshoremen's Association of the AFL–CIO. They seek to enjoin the defendants, Local 1497 and its president, James McCleland, Jr., from collecting by check-off three (3¢) cents for each hour of pay received by the members of Local 1497. The petition further seeks a return to the members of all such sums already collected by check-off.

On May 8, 1970, this court held that the three (3¢) cents check-off for the benefit of Local 1497 was an increase in

dues and was therefore subject to the procedural requirements of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531 (1964). Steib v. New Orleans Clerks & Checkers, Local No. 1497, No. 69–1401 (E.D.La., May 8, 1970), *aff'd*, 436 F.2d 1101 (5th Cir., 1971). Subsequent to that decision, on August 11, 1970, the membership of Local 1497, including the petitioners, participated in a secret-ballot election in which the check-off received a favorable vote from more than a majority but less than two-thirds of the members present and voting. Pursuant to this election, Local 1497 required its members to sign a check-off authorization and began collecting the three (3¢) cents per hour from each member.

The core of this controversy concerns whether a majority or two-thirds vote is necessary for Local 1497 to raise the dues of its members. It is contended by petitioners that the by-laws of Local 1497 require a two-thirds vote, and that an increase in dues based upon a lesser vote deprives them of rights secured by § 101 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411 (1964). Known as the "Bill of Rights" section of the Act, § 411 provides, in part:

> ". . . the rates of dues and initiation fees payable by members of any labor organization . . . shall not be increased . . . except—
>
> (A) in the case of a local labor organization, (i) by *majority vote* by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by *majority vote* of the members in good standing voting in a membership referendum conducted by secret ballot. . . ."

29 U.S.C. § 411 (1964) (emphasis added).

It is clear that § 411 assures labor union members of certain rights, none of which were violated by the majority vote which led to the three (3¢) cents increase. It is equally clear that this section was not intended as an "open sesame" for federal court inquiries into internal union affairs. Indeed, "[t]here is a general national policy against courts' interfering in internal disputes of trade unions." Stettner v. International Printing Pressmen & Assistants Union, 278 F.Supp. 675, 676 (E.D.Tenn.1967). *See also* Calhoon v. Harvey, 379 U.S. 134, 145, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).

The federal courts have not been laggard in vindicating the rights secured by § 411. However, they have consistently held that they do not possess jurisdiction to enforce union constitutions and by-laws where there has been no violation of a specific right enunciated in § 411. Gurton v. Arons, 339 F.2d 371, 374 (2d Cir. 1964); Robins v. Rarback, 325 F.2d 929 (2d Cir. 1963); Martire v. Laborer's Local Union 1058, 410 F.2d 32 (3d Cir. 1969); Null v. Carpenters District Council of Houston, 239 F.Supp. 809 (S.D.Tex.1965); Antal v. Budzanoski, 320 F.Supp. 161 (W.D.Pa.1970).

To hold otherwise in this case would involve the court in a determination of the validity of the by-laws of Local 1497, for the defendants submit, on the basis of advice received from the International Union, that those by-laws are invalid. The legislative history of the Labor-Management Reporting and Disclosure Act makes it clear that it was not intended to permit such "in depth intervention into internal union affairs." Beaird, Some Aspects of the LMRDA "Bill of Rights," 5 Ga.L.Rev. 661, 662 (1971).

For these reasons, the demand for an injunction and the claim for damages must be denied.

Judgment will be entered accordingly.