Larry WILLIAMS, et al.,
Plaintiffs-Appellees,

v.

CITY OF NEW ORLEANS, et al.,
Defendants-Appellees,

v.

Martin VENEZIA, et al., Limited
Intervenors-Appellants.

No. 84–3611
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1985.

Sidney Bach, New Orleans, La., for Venezia, et al.

Lynne Wasserman, New Orleans, La., for Cindy Duke, et al.

Dale C. Wilks, New Orleans, La., for Horace Perez, et al.

Judith Reed, New York City, for plaintiffs-appellees Williams, et al.

Before CLARK, Chief Judge, RANDALL, and JOLLY, Circuit Judges.

PER CURIAM:

Appellants appeal the granting of limited intervenor status in a Title VII suit involving the New Orleans Police Department (NOPD). Because appellants raised the same issues in a prior appeal to this court and have failed to demonstrate adequate justification for changing that prior decision, we dismiss this appeal.

## II

Appellants are members of four classes within the NOPD, consisting of white, hispanic, and female members of the department. They sought to intervene as parties to a Title VII action brought by black officers, attacking the department's hiring and promotions policies. The suit was initiated in 1978, but was dismissed for lack of prosecution. After new counsel was obtained, the Title VII suit was reinstated in May 1980.

In January 1981, the NOPD agreed to stay further promotions until the case was resolved. Shortly thereafter, the first class of intervenors sought full party status to the proceedings. The district court denied this motion. Trial was scheduled to begin on October 13, 1981. On that date, however, the parties agreed to a settlement and proposed a consent decree. The court agreed to review the decree at a hearing scheduled for two weeks later.

Upon learning the terms of this proposed decree, three new classes sought intervention in the suit. The district court refused to make them full parties to the litigation. However, he granted them limited intervenor status to allow them to protect their career interests. As limited intervenors, appellants could present evidence in support of their objections to the proposed settlement with the right to appeal any final judgment pertaining to a settlement agreement. Appellants participated in the four day fairness hearing on the proposed consent decree, and presented numerous

objections thereto. At the conclusion of the hearing, the court held that all the provisions of the decree were valid except one. It held that the requirement that the force would promote black and white officers on a one-to-one ratio would violate the rights of non-black officers. Thus, the court refused to approve the consent decree.

The parties appealed this refusal, and this court en banc affirmed the district court's decision. *Williams v. City of New Orleans*, 729 F.2d 1554 (5th Cir.1984) (en banc). The cause was remanded to the district court to continue trial on the Title VII suit.

Meanwhile, appellants had appealed the grant of their limited intervenor status to a panel of this court, which affirmed the district court in an unpublished order dated January 18, 1982. Following the en banc court's remand in the main action, appellants again sought full party status from the district court. That court again denied this petition, and the intervenors have brought the present appeal to this court.

### III

We stated in *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir.1967) (footnotes omitted):

> While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*See also Tatro v. Texas*, 703 F.2d 823, 826 (5th Cir.1983), *modified on other grounds*, — U.S. —, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984); *Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003, 1005–06 (5th Cir.1982), *cert. denied*, 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (1983); *Payne v. Travenol Laboratories, Inc.*, 673 F.2d 798, 816 n. 24 (5th Cir.1982), *cert. denied*, 459 U.S. 1038, 103 S.Ct. 451–52, 74 L.Ed.2d 605 (1982); *Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1061–62 (5th Cir.1981).

Appellants have failed to meet the *White v. Murtha* test. They have presented no evidence which differs from that presented in their prior appeal to this court. The controlling law has not changed. Finally, appellants have not demonstrated that manifest injustice would result by rejecting this second appeal. The mere fact that the en banc court affirmed the district court's vacation of the consent decree and has remanded for further proceedings fails to establish any reason to relitigate the grant of limited intervenor status. Plaintiffs retain this status and may thus object to any proposed settlement agreement. We fail to see how their interests are now less protected than before.

Plaintiffs assert that we lack jurisdiction of this appeal because an order granting intervenor status is not a final appealable order. This contention would be well taken if the order had granted full party status, *see Brown v. New Orleans Clerks & Checkers Union*, 590 F.2d 161, 164 (5th Cir.1979). Appealability is less clear where the order of the district court grants partial intervenor status but denies full intervention rights. Rather than reach the merits of this argument, we dismiss this appeal on the "law of the case" doctrine.

DISMISSED.