**CONDIT CHEMICAL & GRAIN COM-PANY, INC. and Paul Condit, Plaintiffs-Appellants,**

v.

**HELENA CHEMICAL CORPORATION, Defendant-Appellee.**

No. 86–1025
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 8, 1986.

Thomas W. George, Austin, Tex., Johnny Roy Phillips, Seminole, Tex., for plaintiffs-appellants.

Brad Crawford, Jr., Cecil Kuhne, Lubbock, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is an action to set aside a United States District Court agreed judgment, dated June 4, 1984. It was brought by Condit Chemical and Grain Company, Inc., and Paul Condit individually, against Helena Chemical Corporation. In the agreed judgment Condit Chemical and Paul Condit were adjudged jointly and severally liable

to Helena in the amount of $277,131.19 for goods received from Helena. The judgment also provided that the post-judgment interest would be 11.74% compounded annually until the judgment was paid and that all court costs were to be taxed to the Condit interests. Finally, it provided: "The parties are allowed such writs and processes as may be necessary in the collection or enforcement of this Judgment."

The Condit interests brought this suit to set aside the agreed judgment on the ground that Helena had breached an oral agreement when it commenced execution to enforce the judgment. The oral agreement which the Condit interests claim induced them to enter the agreed judgment was to the effect that if Paul Condit made a "reasonable effort" to pay the judgment and Condit Chemical bought all of its chemical products and supplies from defendant on a cash basis, Helena would not execute the judgment.

The grounds asserted to justify setting aside the agreed judgment were a breach of the oral agreement, promissory estoppel, that the judgment was obtained by fraud, that Helena had instituted wrongful garnishment proceedings, and that the Condit interests should have relief under Fed.R. Civ.P. 60(b) because the agreement was obtained by fraud.

By a memorandum and order dated November 19, 1985, the district court denied appellants' relief. In an additional memorandum order dated December 23, 1985, the district court denied appellants' motion for reconsideration.

After a careful review of the record we affirm the decision of the district court, basing our affirmance upon the two thorough memoranda submitted by that court in support of its decision. We add to those memoranda two brief statements by way of support for the decision which was reached by the district court.

■ First, appellants claim that the district court relied upon a procedural rule, Rule 11 of the Texas Rules of Civil Procedure, in reaching its decision in this diversity case. It is asserted that this is contrary to the fundamental principles of *Erie R.R. Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Texas rule provides that no agreement between attorneys or parties "touching any suit pending" is to be enforced unless it is in writing, signed and filed with the papers as part of the record, or made in open court and entered in the record.

This oral agreement clearly touched upon the subject matter of the agreed judgment and it was not in writing nor entered into the record in accordance with Rule 11. The claim, of course, is that in diversity cases, just as in choice of law cases, the substantive law applicable is established by the usual principles of conflict of laws, but procedural rules are the rules of the forum. If this contention prevails it means that the Texas rule cannot apply in this federal court.

We emphasize that this Texas rule has been followed and enforced in a multitude of Texas cases for many years, as recently exemplified in *Kennedy v. Hyde,* 682 S.W.2d 525 (Tex.1984). The rule is obviously akin to and indeed could be considered a part of a parol evidence rule. It is now well established in the law that the parol evidence rule, although called a rule of evidence, is actually a rule of substance. Restatement, Conflict of Laws, 2d § 140; 3 Corbin on Contracts, § 573; 16 Am.Jur.2d, Conflict of Laws, § 132.

■ It is obvious from the nature of this Texas rule that it is a law of controlling substance. Appellants would have us downgrade a substantive rule of law simply because the state has chosen to write down the rule, taken from many cases, in its Rules of Civil Procedure. There is no authority for the proposition that a state substantive principle of law is downgraded into a procedural rule not applicable in the court of another jurisdiction simply because the state has chosen for convenience to put it in words as a rule of procedure. We agree with the district court that the rule that such agreements must be in writing and entered on the record is a rule of

substance which controls the content of the agreed judgment. It, therefore, controls this diversity proceeding in federal court.

Second, the other claims of appellants, the claims of fraud, promissory estoppel, and the wrongful institution of the garnishment proceedings, are all attempts to invoke the principle of the Texas law that the rule is not absolute if the kinds of extenuating circumstances which can be summarized in the words of ambiguity, fraud, accident, or mistake are shown to enter significantly into the issue of the validity of the agreed judgment.

The district court made specific findings which deny a showing by pleadings or otherwise of any circumstances which would cause the modification of the agreed judgment. Particularly with respect to the claim of fraud, the district court found that the appellants had not pled specific facts asserting fraudulent inducement in the entering of the agreed judgment. The record supports this finding. All that we have is the general allegation that when appellee made an alleged oral agreement appellee did not intend to keep it.

The critical point is that such a general allegation with respect to fraud, as well as similar allegations with respect to promissory estoppel are insufficient, standing alone. Otherwise, the entire purpose of the requirement that such agreements be in writing would be thwarted. In every case general allegation could be made that there was an oral agreement made in connection with the agreed judgment and that one of the parties making the agreement did not intend to carry it out. As the district court pointed out, the agreed judgment stated in terms that it was willingly entered by both parties. Further, the specific provision of the judgment authorizing the use of writs and processes necessary to the collection and enforcement of the judgment is in precise contradiction of the claimed "essence of the alleged oral agreement", and the appellants offered no explanation for the contradiction.

The district court correctly found that the law of Texas was the controlling law and that the appellants' suit to set aside the agreed judgment should be dismissed because the appellants had failed to make even a preliminary showing that an alleged oral agreement between the parties modified the terms of the agreed judgment.

AFFIRMED.