Stu ADAMS–LUNDY, et al.,
Plaintiffs-Appellees,

v.

The ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,
Defendant,

Bruno Paluk, et al.,
Defendants-Appellants,

and

Deborah Bauer, et al.,
Movants-Appellants.

No. 85–1256.

United States Court of Appeals,
Fifth Circuit.

June 30, 1986.

Eric D. Ryan, Dallas, Tex., for Paluk, et al.

G. William Baab, Edward Cloutman, Dallas, Tex., for Donavan, et al.

Krista M. Fogleman, Washington, D.C., Eugene Z. DuBose, Dallas, Tex., for Knoop & Conrad, et al.

Ronald D. Wren, J. Dennis Weitzel, Dallas, Tex., for Hicks.

Jo Ann Peters, Dallas, Tex., for plaintiffs-appellees.

Before JOLLY and HILL, Circuit Judges, and HUNTER*, District Judges.

E. GRADY JOLLY, Circuit Judge:

The appellants, a group of flight attendants, are officers of the Association of Professional Flight Attendants, appealing the district court's enforcement of an arbitration award against them. The arbitrator's opinion and award adjudicated certain rights of union officers arising out of the union's constitution. The appeal presents several questions, but we need consider only whether the district court had jurisdiction to enforce the arbitration award and to issue an injunction in support thereof. We hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders.

## I.

In May 1977, the Association of Professional Flight Attendants ("APFA") was certified as the bargaining representative for American Airlines' flight attendants. APFA, a newly organized union, drafted and adopted a constitution providing a "membership bill of rights," protecting free speech, freedom of dissent, the right of association, and due process.

In time, dissatisfaction arose in the ranks and in the leadership of APFA. During the spring of 1983, the Association of Flight Attendants ("AFA"), began a campaign at American Airlines, attempting to replace APFA as the flight attendants' representative. The flight attendants were split between the incumbent APFA and the new AFA. Conflict between supporters of the two unions intensified when at an APFA board meeting in March 1984, a mi-

nority faction, "the voting group,"[1] proposed several resolutions, most of which declared various officers ineligible for union office or required demonstrations of loyalty to APFA. Some of the resolutions passed, but most failed. Throughout the meeting, various officers protested the procedures being used and requested that the union constitution be followed, but the APFA president ignored these requests. The secretary-treasurer then read five charges against several individual officers. A resolution was introduced to remove the charged officers from office; those charged were ruled ineligible to vote on the resolution. A roll call vote was taken among the voting group, and the charged officers were removed from office.

## II.

A review of the history of the earlier proceedings in this case is appropriate to enhance our understanding of the issues now before us. Stu Adams-Lundy and sixteen other APFA members, the appellees here, were members of APFA and were among those accused and charged at the March 3 meeting. This case began on March 5, 1984, when they sued APFA and fourteen individuals, including members of the voting group, seeking an injunction, declaratory relief, and damages. The suit was brought under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411, 412, 501, and 529, and alleged pendent state claims of breach of contract and civil conspiracy. The plaintiffs alleged that the defendants had violated their rights "to democratic rule of their union, the rights to run for office, to nominate, to vote, and their free speech rights, and other rights guaranteed by the LMRDA." The district court granted a preliminary injunction on March 29, 1984. On appeal, this court vacated the preliminary injunction against all the defendants, *Adams-Lundy v. Association of Professional Flight Attendants*, 731 F.2d 1154

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. Most of the members of the voting group are the defendants-appellants here.

(5th Cir.1984) (*"Adams-Lundy I"*), on the grounds that the plaintiffs had failed to demonstrate a substantial likelihood of success on the merits because there was no evidence of infringement of the basic rights of union membership protected by sections 101 and 102 of the LMRDA, 29 U.S.C. §§ 411 and 412. *Id.* at 1159. We remanded the case to district court, noting that the APFA constitution provides that officers accused of impropriety shall be brought before a trial board and review board, with ultimate appeal to be had to a neutral arbitrator. *Id.* at 1160.

Back in district court, the parties continued to prepare for a trial on the merits. Then in late 1984, following the suggestion we made in *Adams-Lundy I*, most of the plaintiffs and most of the defendants voluntarily submitted certain issues to a neutral arbitrator, as permitted under the APFA constitution. The arbitrator issued his award in February 1985, in favor of the plaintiffs Adams-Lundy et al. The arbitrator found that the charges made at the March 1984 meeting were invalid, and that the subsequent removals from office of the charged parties were also invalid. He ordered that the wrongly removed officers be reinstated, and that those who had suffered financial losses as a result of the invalid acts be reimbursed. He also ordered that each reinstated officer be granted the opportunity to serve an additional year to compensate for the approximately one year out of office during the dispute. This order had the effect of postponing certain union elections for about a year. Finally, the arbitrator appointed a Compliance Policy Committee, composed of five APFA members involved in the dispute, to help him effect compliance with the award, and retained jurisdiction over the case pending compliance.

Soon thereafter, on March 19, 1985, the defendants APFA and the voting group filed a motion in district court to vacate in part the arbitrator's opinion and award. On March 25, 1985, Adams-Lundy and the other plaintiffs sought a temporary restraining order, an injunction, summary judgment, and an order enforcing the arbitrator's award in its entirety. The district court granted the plaintiffs a temporary restraining order. APFA and the voting group were ordered to cease union elections then in progress, and to implement and comply with the arbitrator's award and orders. The defendants APFA and the voting group again moved to vacate the arbitrator's award, as did several APFA officers who had been permitted to intervene.

After numerous affidavits were filed, the district court entered a mandatory preliminary injunction against the defendants on April 15, 1985. That order mandated compliance with all orders issued by the arbitrator both before and after entry of the injunction. Two days later, the district court ordered enforcement of the labor arbitration award in its entirety, and enforcement of the arbitrator's orders as to remedy as well. Finally, the district court denied the defendants' motion to vacate the arbitrator's award.

■ All of the defendants sought but were denied a stay of the preliminary injunction pending the appeal to this court. The defendant APFA is not a party to this case on appeal, having been dismissed on its own motion in November 1985. The other defendants and the intervenors, however, appeal the district court's order of preliminary injunction, the district court's order enforcing the arbitral award, and the district court's denial of the defendants' and intervenors' motions to partially vacate or modify the arbitrator's award.[2]

### III.

#### A.

■ Because a panel of this court has already heard an appeal of this case, involv-

---

**2.** The appellees Adams-Lundy, et al., argue initially that this court is without jurisdiction to review the district court's orders enforcing the arbitral award because that order is not an appealable order. We disagree. The enforce-

ment order effectively reiterates and continues the order of injunction, *see* 28 U.S.C. § 1292(a)(1), and therefore is subject to our review.

ing some of the same issues that are before us today, we are bound by the doctrine of "the law of the case." The decision of the panel in 1984 established the law of this case as to those legal issues it decided. Those holdings must be followed in all subsequent proceedings in the same case, both in the trial court and/or on a later appeal in the appellate court. *Williams v. City of New Orleans*, 763 F.2d 667, 669 (5th Cir. 1985) (quoting *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir.1967) (footnotes omitted)).[3] The doctrine, however, does not bar us from considering any issue that was not resolved in the earlier appellate proceeding. *Chapman v. National Aeronautics and Space Administration*, 736 F.2d 238, 241 (5th Cir.1984).[4]

■ *Adams-Lundy I* determined that the suspension of an elected union officer does not give rise to a claim under sections 101 and 102 of the LMRDA, 29 U.S.C. §§ 411 and 412. Where the injury allegedly suffered by union officers is done to them in their status as officers, not as individual members, there can be no cause of action under sections 411 and 412 because there has been no infringement of the basic rights of membership protected by those sections. *Adams-Lundy I,* 731 F.2d at 1159. Congress passed the LMRDA with the intent of protecting rank-and-file union members, not union officers or employees as such. *Finnegan v. Leu,* 456 U.S. 431, 437, 102 S.Ct. 1867, 1871, 72 L.Ed.2d 239 (1982).[5] *Adams-Lundy I* therefore held that because the plaintiffs-officers had no federally protected right to remain in office, there was little or no

chance of their succeeding on the merits of their claim, and it was error for the district court to have enjoined the defendants from exercising control over the union following their ousting the plaintiffs.

The question before us today is whether a federal court may enforce an arbitrator's award that determined the rights of elected union officers under their own union's constitution. We therefore consider the district court's order and injunction together.

### B.

■ We recognized in *Adams-Lundy I* that, although the LMRDA does not grant rights to elected union officers in their official capacities, in certain circumstances where a dominant group removes from office a political opponent, as part of a purposeful and deliberate attempt to stifle dissent and reform efforts within the union, the LMRDA does provide a remedy for the ousted officer. The plaintiffs-appellees claim that their case fits into this exception and that therefore they state a claim to be enforced under the LMRDA. We disagree.

■ The arbitration award is based not on federal law, but on the constitution of the Association of Professional Flight Attendants, an internal union document. The arbitrator stated that the case "could be decided under the LMRDA, but in view of the strong Bill of Rights and other provisions which are contained in the APFA constitution, I need look no further than the Union's own basic law." *In the Matter of the Arbitration Concerning Stu Ad-*

---

**3.** The doctrine also contains three exceptions to the rule that a decision of an appellate court must be followed in all subsequent proceedings in the same case. If the evidence in a subsequent trial is substantially different, if controlling authority has since made a contrary ruling of law, or if "the decision was clearly erroneous and would work a manifest injustice," then the law of the case need not be followed. *Williams v. City of New Orleans,* 763 F.2d at 669. We find none of these exceptions applicable to the present appeal.

**4.** Of course, we are also bound by the rule in this circuit that even if it perceives error in the precedent, one panel may not disregard the

precedent set by a prior panel. *United States v. 162.20 Acres of Land, More or Less, Situated in Clay County, Mississippi,* 733 F.2d 377, 379 (5th Cir.1984).

**5.** The Supreme Court in *Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239, held that the LMRDA did not prohibit the removal by a union president of appointed union officers. The *Adams-Lundy I* court was faced with the question whether elected union officers enjoyed greater protections under the LMRDA than do appointed union officers, and held that they do not.

ams-Lundy, et al., AAA Case No. 71 199 0311 84 (C. Morris, arb'r, Feb. 27, 1985), at 30. The arbitrator thus did not determine the parties' rights under any title of the LMRDA. He instead determined their rights under the APFA constitution, and used that constitution to determine whether the voting group had violated the plaintiffs' rights. He specifically noted that the APFA constitution is "remarkably democratic" and that it is "more specific in its language protecting unpopular ideas than either the Bill of Rights in Title I of the LMRDA or the First Amendment of the United States Constitution." Id. at 2 and 33. The rights adjudicated by the arbitrator were thus not LMRDA rights but a type of contractual rights, provided for union officers in an agreement between the union and its members, the constitution of the APFA. A union's violation of its own constitution is not per se a violation of the LMRDA, and a federal court has no jurisdiction to enforce union constitutions and by-laws as such. See, e.g., McGovern v. New Orleans Clerks & Checkers, Local 1497 ILA, 343 F.Supp. 351, 352 (E.D.La.), aff'd per curiam, 463 F.2d 423 (5th Cir. 1972). Accord Martire v. Laborers' Local Union 1058, 410 F.2d 32, 36 (3d Cir.), cert. denied, 396 U.S. 903, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969). It follows that the federal courts are without jurisdiction to enforce an arbitration award that is based solely on an internal union constitution. It was therefore error for the district court to enter an order enforcing the arbitrator's award and to enter a preliminary injunction in support of the arbitration award and orders.[6]

## IV.

In conclusion, we hold that a federal court is without jurisdiction to enforce an arbitration award that adjudicates rights granted to union officers by an internal union document. The orders of the district court enforcing the arbitral award and en-

joining the appellants are therefore vacated.

We specifically note that this case has been in litigation for a considerable period of time, and from each appearance in our court, appears to have little reason to be in the federal courts. In Adams-Lundy I, we noted that it was implicit in our reasoning that the plaintiffs have failed to state a claim upon which relief may be granted in federal court. Our opinion today underscores that earlier suggestion. The district court is certainly free to consider, upon proper motion by the defendants, the dismissal of this entire cause of action.

All orders of the district court appealed from are VACATED and the cause is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

**6.** The defendant-appellant James Hicks raises as a separate issue the claim that because he was not a party to the arbitration, it was error for the district court to subject him to the prelimi-

nary injunction. Because we vacate the relevant district court orders, we have no reason to reach the individual merits of Hicks' argument.