Korla ANDEREGG, Individually, and as Next Friend of Eric Scott Hogan, Plaintiff-Appellee,

v.

HIGH STANDARD, INC., Defendant-Appellant.

No. 87–1011.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1987.

Rehearing and Rehearing En Banc Denied Sept. 25, 1987.

---

Wood, Lucksinger & Epstein, Peter F. Ferraro, Kemp W. Gorthey, Austin, Tex., for High Standard.

Stephen Malouf, Darrell Panethiere, Dallas, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and HILL, Circuit Judges.

PER CURIAM:

This appeal of a judgment in a tort action presents no issues of tort law, but one each of federal procedure, state procedure, and contract law. Decision of the two procedural issues is dispositive, and we do not reach that of contract.

### Facts and Procedural History

The dispute underlying this appeal arose when a small-caliber pistol discharged accidentally, resulting in the paralysis of a child. Trial was hard-fought, the monetary stakes high. Counsel had pursued settlement negotiations as the trial date neared, the plaintiff demanding over five million dollars in settlement and the defendants offering a half-million.[1] These discussions continued through the trial; and, after the jury retired to deliberate, plaintiff's counsel met with his client and they decided to accept the half-million dollar amount. While plaintiff's counsel was engaged in "making inquiries" of defendants' insurance adjuster, the jury, having been out for less than half an hour, sent in a note that they had reached a verdict. Such a verdict—the court later observed in an order—given the shortness of the deliberations, "would have to be a defendant's verdict, simply because the jury could not even have elected a foreperson and discussed any figures ... if any type of verdict was to be returned for the plaintiff."

As the jury was about to reenter the courtroom, plaintiff's counsel tapped defendant's counsel on the shoulder as he sat awaiting the jury and said "We'll take your offer." When the judge reentered the courtroom, plaintiff's counsel advised that he wished to make an announcement; and the judge directed the marshal to delay the

---

1. Counsel disagree about various aspects of the negotiations, and our account of them follows the trial court's findings.

return of the jury. With the judge on the bench, plaintiff's counsel announced in open court that the parties had agreed upon a half-million dollar settlement, an assertion which counsel for High Standard immediately denied. In consequence, the court brought in the jury and received its verdict: one that the pistol in question was not unreasonably dangerous as designed at any relevant time. In consequence, on March 24, 1986, the court entered a take-nothing judgment on the verdict for both defendants. There then ensued a series of events and developments more reminiscent of a law school examination question than of life in the real world.

On April 3, plaintiffs moved to "amend" the judgment. On June 9, the court filed a "Memorandum Opinion and Order" in response to that motion—one that, it can fairly be said, amended the judgment with a vengeance; instead of judgment for defendant on a jury verdict in a product liability action, judgment was for plaintiff on a disputed oral settlement agreement announced in open court by counsel for one side and immediately repudiated by counsel for the other. Both the result and the theory of the judgment having turned inside out like a sock, the defendants filed their own motion to reconsider. This was denied on July 7, and the defendants filed a second motion to like effect on July 23. On August 6, the defendants' time for noticing an appeal expired—if the court's first ruling against the defendants of June 9 be deemed a judgment.[2] On August 8 came an order denying the defendants' second motion for reconsideration: and, on September 3, defendants at last gave notice of appeal.

An appeal to our Court then followed, which was dismissed by our panel on appellant's suggestion of prematurity.[3] Finally a judgment complying with Rule 58 was entered, and the present appeal followed.

### Jurisdiction

Appellees argue strenuously that the decision of our former panel was erroneous: that it had no jurisdiction of the appeal and neither do we. The question, however, is not an open one. As Judge Jolly recently wrote for our Court, in words that might have been written in this appeal:

> Because a panel of this court has already heard an appeal of this case, involving some of the same issues that are before us today, we are bound by the doctrine of "the law of the case." The decision of the panel in 1984 established the law of this case as to those legal

**2.**

| Events | Effect on Time for Appeal |
|---|---|
| March 24: Judgment for Defendant. (R. 351) | 30-Day Period for Plaintiff's Notice of Appeal Commences. FRAP 4(a)(1). |
| April 3: Plaintiff's Motion to Amend Judgment. (R. 415) | Running of Time for Appeal Stops. FRAP 4(a)(4). |
| June 9: Order Granting Motion to Amend Judgment. (R. 415) | 30-Day Period for Defendants' Notice of Appeal Commences. FRAP 4(a)(4). |
| June 19: Defendants' Motion to Reconsider. (R. 425) | Running of Time for Appeal Stops. Harrell v. Dixon Bay Transp., 718 F.2d 123 (5th Cir. 1983). |
| July 7: Order Denying Motion to Reconsider. (R. 433) | New 30-Day Period for Defendants' Appeal Commences. FRAP 4(a)(5); Harrell. |
| July 23: Defendants' Second Motion to Reconsider. (R. 440) | [No Effect on Time for Appeal] Wansor v. George Hanstcho Co., 570 F.2d 1202, 1206 (5th Cir. 1978). |
| August 6: Time for Appeal Expires. | FRAP 4(a)(1). |

| Events | Effect on Time of Appeal |
|---|---|
| August 8: Order Denying Second Notice for Reconsideration. (R. 444) | [No Effect on Time for Appeal] FRAP 4(a)(1). |
| September 3: Notice of Appeal. (R. 466) | [No Effect on Time for Appeal of Underlying Amended Judgment. Only Effective to Perfect Appeal of August 8 Order Denying July 22 Motion for Reconsideration]. |

October 31: This Court dismisses appeal as prematurely filed because it was not taken from an order filed in compliance with Fed.R.Civ.P. 58.

December 31: District Court enters a judgment pursuant to Rule 58 enforcing the settlement agreement.

January 5, 1987: Notice of Appeal filed.

**3.** The body of the order reads:

This appeal was prematurely filed because it was not taken from a judgment or order, as defined in F.R.A.P. 4(a)(6). To qualify as an appealable order under F.R.A.P. 4(a)(6), the order must comply with Rule 58 F.R.C.P. The orders appealed from do not comply with Rule 58 because they were not "set forth on a separate document."

**80**

issues it decided. Those holdings must be followed in all subsequent proceedings in the same case, both in the trial court and/or on a later appeal in the appellate court. *Williams v. City of New Orleans,* 763 F.2d 667, 669 (5th Cir.1985) (quoting *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967)) (footnotes omitted). [Footnote:] The doctrine also contains three exceptions to the rule that decision of an appellate court must be followed in all subsequent proceedings in the same case. If the evidence in a subsequent trial is substantially different, if controlling authority has since made a contrary ruling of law, or if "the decision was clearly erroneous and would work a manifest injustice," then the law of the case need not be followed. *Williams v. City of New Orleans,* 763 F.2d at 669. We find none of these exceptions applicable to the present appeal.

*Adams-Lundy v. Assoc. of Professional Flight Attendants,* 792 F.2d 1368, 1371–72 (5th Cir.1986).

██ Here no exception applies either: the evidence is the same as before, no controlling authority has since laid down any contrary rule of law, and the decision of our panel was not clearly erroneous or manifestly unjust. We are bound by the law of the case: the first appealable judgment against High Standard was entered December 31, and the January 5 notice of appeal was timely.

### Texas Rule Eleven

Since the days of the Republic, Texas has recognized that agreements between lawyers respecting the handling and disposition of cases are inherently vexed matters, akin to those governed by the Parol Evidence Rule and the Statute of Frauds. As the Texas Supreme Court has recently noted, the rule can be traced in substantially its present form to District Court Rule 28,

adopted in 1840 under the laws of the Republic of Texas. *Kennedy v. Hyde,* 682 S.W.2d 525, 526 (Tex.1984). For the first 52 years of its existence, the rule recognized only agreements that were both written and signed by all sought to be bound. In 1892, it was amended to add the exception for agreements made in open court, taking its present form:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex.R.Civ.P. 11.

We have held that Rule 11, although to be found among the Texas Rules of Civil Procedure, is nonetheless also a rule of substance akin to the parol evidence rule and applicable for that reason to Texas diversity cases tried in our federal court system. *Condit Chemical & Grain Co. v. Helena Chemical Corp.,* 789 F.2d 1101 (5th Cir.1986). The district court was aware that the rule applied, but held that it was complied with when plaintiff's counsel announced an oral settlement in open court which was instantly disavowed by the defendant. We are cited to no Texas case directly in point, doubtless because such a claim as that of plaintiff's counsel seems an unusual one indeed, and one unlikely to have been frequently advanced.[4] We must disagree with the trial court's determination that Rule 11 was complied with in this case.

██ The rule plainly contemplates that there will be agreements touching pending cases arrived at between counsel—and validly arrived at, from the vantage point of general contract law—that Rule 11 will prohibit enforcing: oral agreements not spread on the record and confirmed in open court, for example. It is clear that the Rule contemplates that something *more* is

---

**4.** There is no lack of general language to the contrary, however. For example, in *Kennedy v. Hyde,* 682 S.W.2d 525, 530 (Tex.1984), the Supreme Court wrote:

Respondents attempt to bring this case within an exception to Rule 11 by claiming that the oral agreement is "undisputed." They point

this court to reams of testimony and eventual favorable jury findings. This argument begs the question. The oral agreement was disputed and unenforceable at the moment its existence was denied in the pleadings; Rule 11 prohibits further inquiry.

required for the enforcement of such an agreement than that it be a valid contract. That something more is its reduction to writing and signature, or their substantial equivalents: dictation into the record of the agreement's substance and assent to it on the record by all parties sought to be bound. An "agreement" such as the one in this case, one in which the terms are shouted at the bench by counsel for one side and immediately repudiated by the other, might well consist of something *less* than a contract valid under general law—in such a case there may have been no antecedent agreement between counsel at all.[5] Indeed, to press the district court's rationale to its logical conclusion, if all that Rule 11 requires is a statement on the record by counsel for one side, opposing counsel need not even be present when that takes place.[6] We conclude that the "made-in-open-court" exception to Rule 11's requirement of a signed writing for enforcement of agreements between counsel requires the substantial equivalent of a writing and signatures: a statement into the record of the terms of the agreement in the presence of the court, plus the agreement of the parties (or their counsel) to be bound by it affirmatively stated on the record. Clearly, what was done in this case does not suffice.

■ In an alternative argument, appellee urges that the requirements of Rule 11 were waived by appellant High Standard's failure to bring them to the trial court's attention before its second motion for reconsideration of the court's first ruling against it. We conclude, however, that bringing the rule to the court's attention before it entered its first appealable judgment against appellant was sufficient. The appellant had no occasion to raise the rule before June 9; and it raised it on July 23 in its second motion to reconsider. As we have held, a final and appealable judgment

against appellant was not entered until December 31. There was no waiver.

The judgment of the district court is REVERSED, and the cause is REMANDED for the entry of judgment on the verdict of the jury.

---

5. Because we determine that even if counsel's "acceptance" of defendants' "offer" resulted in an otherwise valid oral agreement—despite the change in circumstances wrought by the announcement that a verdict had been reached—that agreement failed to comply with Rule 11, we need not decide the contract question.

6. Further, one would have to construe the phrase "made in open court" to mean no more than that the agreement was made between counsel at a time when they both happened to be in the courtroom, perhaps absent either judge or jury.