IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40709

_____

FRANK H LEFEVRE; ET AL

                                        Plaintiffs

JANE ROSS; WENDY CARMICHAEL

                                        Plaintiffs - Appellees

versus

ROBERT M KEATY; THOMAS KEATY;
KEATY & KEATY, doing business as
The Keaty Firm

                                        Defendants - Appellants

_____

JANE ROSS; WENDY CARMICHAEL

                                        Plaintiffs - Appellees

versus

KEATY & KEATY, doing business as
The Keaty Firm; ROBERT KEATY;
THOMAS KEATY

                                        Defendants - Appellants

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

September 30, 1999

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    In this diversity case, we determine whether an enforceable

settlement occurred under Texas Rule of Civil Procedure 11.

Because we find that parties reached no enforceable settlement on

which a judgment could be based, we VACATE AND REMAND the final judgment of the district court.

I.

Jane Ross and Wendy Carmichael brought this diversity action for negligence and breach of fiduciary duty against their lawyers, the Keatys. In February of 1998, the parties informed the district court that they had reached a settlement after an unreported settlement conference. The district court entered an order administratively closing the case pending settlement. Ultimately, however, the Keatys did not fund the settlement and voiced concerns about the terms of the release.

The court scheduled another settlement conference for May 8, 1998. At that hearing, the parties discussed the two remaining issues regarding the releases: language releasing certain third parties, and a deferred final judgment as a mechanism to address the releases by the Ross and Carmichael minor children. The court asked counsel for the Keatys to draft the deferred final judgment. Counsel for Ross and Carmichael gave releases to counsel for the Keatys. The district court then ordered the Keatys to tender complete settlement funds by May 12, 1998.

The Keatys failed to prepare the final judgment or to fund the settlement, and on May 13, the district court entered an order reprimanding the Keatys and ruling that the parties' settlement agreement was binding on them as a matter of law. The district

court then entered final judgment, including costs and pre-judgment interest. The Keatys appealed.

## II.

The Keatys contend that the judgment was improper because the parties did not reach an enforceable settlement. In diversity cases, Texas Rule of Civil Procedure 11 governs the enforcement of settlements. See Anderegg v. High Standard, Inc., 825 F.2d 77, 80 (5th Cir. 1987). That rule includes two formal components.

First, there must be documentation of the settlement. Rule 11 requires oral recitation in court or written commemoration of the settlement. See Anderegg, 825 F.2d at 80. Rule 11 provides:

> [N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex.R.Civ.P. 11 (1999). If the agreement is oral, it should be dictated into the record and assented to on the record by the parties. See Anderegg, 825 F.2d at 81.

Second, the state court must render judgment by officially announcing its decision in open court or filing a written order with the clerk. See Anderegg, 825 F.2d at 80. Until the court

renders judgment, either party may revoke the settlement.[1]  See S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995).

The court's order must indicate that no further action need be taken for judgment.  In Buffalo Bag Company v. Joachim, for example, the court held that no final judgment was rendered where the trial court approved the parties' settlement and noted on the docket sheet, "[j]udgment to be entered accordingly."  704 S.W.2d 482, 483 (Tex. App. 1986).  The court held that the language indicated that a further, future action would effectuate judgment. Moreover, the court noted that the parties' announcement that they would prepare a judgment and submit it to the judge for signature could not amount to a rendition of judgment.  See Buffalo Bag, 704 S.W.2d at 483-84.

In this case, the required pairing of formalities never occurred.  Regarding the February hearing, there appears to be no documentation that the parties commemorated a final settlement. Even if there were such evidence, there was no final judgment by the court.  The administrative closing order noted that the case was closed "pending settlement," indicating that further action needed to occur before judgment would be final.  The Keatys'

---

[1] This does not mean that the other party is left without a remedy.  He may amend his pleadings to bring a breach of contract action against the non-settling party, and the judge may enforce the settlement as a written contract upon demonstration of proof. See Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658 (Tex. 1996); Padilla v. LaFrance, 907 S.W.2d 454, 461-62 (Tex. 1995).

subsequent announcement that they had remaining concerns revoked their assent to any February settlement.

At the May 8 hearing, the parties appeared to settle the remaining release issues. They never read the specific terms into the record, however, or prepared a written memorandum of the terms. Their general agreement is insufficient to satisfy the Texas rule. Without a final agreement of the parties, the district court had no authority to issue a final judgment or grant interest on May 13.

VACATED AND REMANDED.