# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 01-60798
(Summary Calendar)
_____

AHMAD A VADIE, DR,

Plaintiff - Appellee,

versus

MISSISSIPPI STATE UNIVERSITY; ET AL,

Defendants,

MISSISSIPPI STATE UNIVERSITY,

Defendant - Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 1:95-CV-199-D-D

June 25, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mississippi State University (MSU) appeals from the district court's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of its most recent motion to dismiss Dr. Ahmad A. Vadie's Title VII retaliation claim against it based on Eleventh Amendment immunity.[1] We have already determined in an earlier appeal that Vadie's retaliation claim is not barred by the Eleventh Amendment. *Vadie v. MSU*, No. 96-60407, Slip Op. at *3-*4 (5th Cir. February 17, 1997). Once a panel of this court has decided an issue of law or fact, the decision continues to govern all subsequent stages of the same case. *Free v. Abott Laboratories, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). This court will generally refuse to revisit a prior panel's decision unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work [sic] manifest injustice." *United States v. Becerra*, 155 F.3d 740, 752-53 (5th Cir. 1998) (quoting *North Miss. Comms., Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992)). Because we find none of these circumstances present here, we will not reconsider MSU's Eleventh Amendment defense. Consequently, the appeal is dismissed. *Williams v. City of New Orleans*, 763 F.2d 667, 669 (5th Cir. 1985) (dismissing appeal where review of only issue raised on appeal was barred by the law of the case doctrine).

APPEAL DISMISSED.

---

[1]In addition to its Eleventh Amendment immunity defense, MSU also suggested in its motion to dismiss that the district court should dismiss Vadie's retaliation claim because Vadie failed to comply with certain procedural prerequisites for filing a Title VII suit. Contrary to MSU's suggestion, these requirements are not jurisdictional. *Solomon v. Hardison*, 746 F.2d 699, 701-02 (11th Cir. 1984); *Pinkard v. Pullman-Standard, a Division of Pullman, Inc.*, 678 F.2d 1211, 1216-17 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 1105 (1983). Because MSU failed to raise this issue in any of its earlier motions to dismiss, at trial before the district, or in its two prior appeals to this court, it is waived.