# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

CHARLES RANDY TURNER,

> Plaintiff – Appellant,

v.

JPMORGAN CHASE BANK, N.A.,

> Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-2701

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Charles Randy Turner appeals from the district court's order enforcing his settlement agreement with JPMorgan Chase Bank, N.A. (Chase) and dismissing his claims against Chase. Because the settlement agreement was valid and enforceable under Texas law, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10092

Turner and his wife sued Chase in state court to prevent Chase from foreclosing on their Dallas, Texas, home.  Chase removed the case, and after almost two years of litigation in federal court, the parties filed a Notice of Settlement signed by counsel for both parties, which stated:

> The parties announce to the Court that they have reached a settlement of the matters in this case and are preparing the settlement documents.  The terms of the agreement will require that the Court maintain the case on the docket (or abate it) until early October 2014, as the settlement terms provide for a sale of the property at issue through September 30, 2014, and if the property is not sold by then, then the parties will submit a Stipulated Judgment of Foreclosure.  Under either scenario, the property is sold or the property is not sold, the parties will submit a final judgment and/or dismissal papers by early October 2014.

The district court set an early October deadline for filing the settlement papers. Upon reaching the deadline, Chase filed a status memo explaining that the property had not been sold and that the Turners' counsel had not provided executed dismissal papers.  Chase then moved to enforce the parties' settlement agreement, producing extensive e-mail correspondence between the parties' counsel as additional evidence that the parties had agreed to a settlement.  The Turners responded, arguing that Chase lacked standing to collect on the note.  The district court—accepting the magistrate judge's recommendation—found that the parties' settlement agreement was enforceable and dismissed the Turners' claims with prejudice.

On appeal, Turner argues that the district court erred in finding that the parties had entered into a signed, written settlement agreement and that Chase has never established standing.

In diversity cases such as this, Texas Rule of Civil Procedure 11 governs the enforcement of settlements.  *Lefevre v. Keaty*, 191 F.3d 596, 598 (5th Cir. 1999).  Rule 11 provides that "no agreement between attorneys or parties

2

touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. The writing must include all the essential elements of the agreement, but "need not be contained in one document." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995).

Turner argues that there is no valid signed agreement because he and his wife ultimately refused to sign a settlement agreement. However, under Texas law, "an attorney may execute an enforceable Rule 11 agreement on his client's behalf." *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (rejecting argument that settlement agreement was unenforceable because appellants themselves had not signed it). The Turners' attorney[1] electronically signed the Notice of Settlement filed in the district court, as well as multiple e-mails agreeing to the material terms of the agreement. These written, signed documents, which were filed in the district court, constitute an agreement to settle that satisfies the requirements of Rule 11. *See Padilla*, 907 S.W.2d at 460–61 (holding that a series of letters that reflected agreement to the material terms of settlement satisfied Rule 11). The district court therefore did not err in enforcing the Turners' settlement agreement and dismissing their claims against Chase.

Turner's remaining arguments challenge Chase's standing to enforce the note. These arguments go to the merits of the underlying suit and have no bearing on the enforceability of the parties' settlement agreement.

We AFFIRM.

---

[1] Turner proceeds *pro se* on appeal, but was represented by counsel in the district court.