**Paty Lou ALCANTAR, Appellant,**

v.

**OKLAHOMA NATIONAL BANK, Appellee.**

**No. 2–99–304–CV.**

Court of Appeals of Texas, Fort Worth.

May 31, 2001.

---

**4.** Tex. Fam.Code Ann. § 54.05(f).

**5.** *H.G.,* 993 S.W.2d at 214.

**7.** *M.A.L.,* 995 S.W.2d at 324.

Joe E. Shaddock, Wichita Falls, Attorney for Appellant.

Harris, Finley & Bogle, P.C., Andrew D. Sims and Russell R. Barton, Fort Worth and Elton M. Montgomery, Graham, Attorney for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

### Introduction and Procedural History

Paty Lou Alcantar appeals from the trial court's enforcement of an alleged oral settlement agreement between Alcantar and Oklahoma National Bank (the Bank). Because we conclude the trial court erred in enforcing the settlement agreement, we reverse the trial court's judgment.

The underlying case began as an interpleader action. Peavy & Peavy, L.L.P. (Peavy), a Texas law firm, represented Alcantar in an unrelated suit involving an automobile collision. That suit settled, and the settlement proceeds were deposited into Peavy's trust account. After the payment of costs and other expenses, $16,393.15 remained in Peavy's trust account for distribution to Alcantar. Before Peavy could disburse these proceeds to Alcantar, the Bank informed Peavy that the Bank had a lien against the $16,393.15 based on a security agreement Alcantar had given the Bank. Alcantar refused to accept a check jointly payable to herself and the Bank, so Peavy filed the interpleader action, named Alcantar and the Bank as defendants, and deposited the $16,393.15 with the trial court clerk. Alcantar and the Bank both answered the interpleader lawsuit, and the parties eventually entered into an agreed judgment discharging Peavy's obligations and dismissing it from the suit.

After Peavy was dismissed, on July 24, 1998, the trial court, the Bank, and Alcantar participated in a telephone conference. During that conference, the Bank and Alcantar informed the court they had reached a settlement as to the interpleaded funds, but the terms of the settlement agreement were not dictated into the record because no court reporter was present. After July 1998, the parties' attempts to memorialize their oral agreement in writing broke down because they could not agree on whether the Bank had provided Alcantar certain documentation that she had requested about what credits the Bank had applied to her indebtedness, or whether the actual amount of the indebtedness itself exceeded the amount of the interpleaded funds. In December 1998, the Bank moved to enforce the oral settlement agreement.

After a hearing on December 11, 1998, the trial court ruled: "The court finds that the proposed settlement agreement does not comply with Rule 11 and that it's not been reduced to writing and entered by the court, nor is there announcement in open court; therefore the [Bank's] motion to enforce the settlement agreement is denied." In a letter brief, the Bank urged the trial court to reconsider its ruling, and, on June 28, 1999, the court granted the Bank's motion to enforce the oral settlement agreement and signed a "Final Judgment and Release." This appeal followed.

## Rule 11 Agreement

■ Alcantar contends the trial court improperly enforced the settlement agreement because the agreement does not comply with the requirements of Rule 11 and is therefore unenforceable. Rule 11 provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.[1]

This rule was adopted in 1840 and has existed in its current form since 1892.[2]

1. TEX.R.CIV.P. 11.

2. See *Kennedy v. Hyde,* 682 S.W.2d 525, 526–27 & n. 1 (Tex.1984) for a thorough discussion of the history and purpose of Rule 11. The rule was first adopted as District Court Rule 28 in 1840. *Id.* at 526. It was recodified as District Court Rule 47 in 1877, and the phrase at issue here, "or unless it be made in open court and entered of record," was added in 1892. TEX.DIST.CT.R. 47, 47 Tex. 625 (1877); TEX.DIST & COUNTY CT.R. 47, 84 Tex. 715 (1892). Rule 11 became part of the Texas Rules of Civil Procedure in 1941. *Kennedy,* 682 S.W.2d at 528.

The purpose of Rule 11 is to prevent parties from misconstruing oral agreements concerning pending suits, which "are very liable to be misconstrued or forgotten, and to beget misunderstandings and controversies."[3]

Settlement agreements are governed by contract law.[4] Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, the court may, after notice and a hearing, enforce a settlement agreement that complies with Rule 11, even though one side no longer consents to the settlement.[5] The result is not an agreed judgment, but a judgment enforcing a binding contract.[6] However, once consent is withdrawn, an action to enforce a settlement agreement must be based on proper pleading and proof.[7] Thus, a settlement agreement must comply with Rule 11 to be enforceable.[8]

Rule 11 does not require a writing to be filed in the trial court before the other party withdraws its consent, but the agreement must be entered of record before it is sought to be enforced.[9] Further, once a party disputes the existence of an oral agreement, it is unenforceable unless it complies with Rule 11.[10]

In this case, the Bank asserts the July 1998 oral settlement agreement complies with Rule 11 and is therefore enforceable because it was made in open court, during the parties' telephone conference with the trial court. However, the settlement agreement was "not made in open court in an enforceable manner," because the terms of the agreement were never entered of record.[11]

Several appellate courts have held oral settlement agreements unenforceable under Rule 11 in circumstances similar to those here. For instance, in *Moseley v. EMCO Machine Works Co.*, the parties to a jury trial announced to the trial court, before the charge was presented to the jury, that they had agreed to a settlement resolving all matters at issue in the case. A general stipulation was dictated to the court reporter, and the court released the jury.[12] Thereafter, Moseley refused to sign the settlement agreement, and his attorney was allowed to withdraw from representing him. EMCO filed a motion

3. *Id.* at 529 (quoting *Birdwell v. Cox*, 18 Tex. 535, 537 (1857)); *Kosowska v. Khan*, 929 S.W.2d 505, 507 (Tex.App.—San Antonio 1996, writ denied).

4. *Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 247 (Tex.App.—Amarillo 1994, no writ); *Cothron Aviation, Inc. v. Avco Corp.*, 843 S.W.2d 260, 263 (Tex.App.—Fort Worth 1992, writ denied).

5. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex.1995).

6. *Id.*

7. *Id.* at 462; *Davis v. Wickham*, 917 S.W.2d 414, 416 (Tex.App.—Houston [14th Dist.] 1996, no writ); *Shaw*, 879 S.W.2d at 247.

8. *Padilla*, 907 S.W.2d at 461; *Kennedy*, 682 S.W.2d at 528.

9. *Padilla*, 907 S.W.2d at 461; *CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 265 (Tex.App.—Fort Worth 1999, no pet.); *see also Foster v. Gossett*, 17 S.W.2d 469, 470 (Tex.Civ.App.—Texarkana 1929, writ dism'd w.o.j.) (holding oral settlement agreement unenforceable because not evidenced as required by predecessor to Rule 11).

10. *Kennedy*, 682 S.W.2d at 530; *In re Allsup*, 926 S.W.2d 323, 326 (Tex.App.—Texarkana 1996, no writ).

11. *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 872 (1939).

12. 890 S.W.2d 529, 530 (Tex.App.—El Paso 1994, no writ).

to enter judgment, and Moseley's former attorney testified at the motion hearing that the wording contained in the proposed agreed judgment reflected the parties' settlement agreement that was announced to the court at the close of the jury trial.[13] The trial court rendered a judgment that incorporated the parties' purported agreement, and Moseley appealed.[14] Despite the former attorney's testimony, the El Paso Court of Appeals reversed, holding that the record was devoid of any writing, docket notation, or agreement of record that could be construed as a settlement agreement. Because there was no compliance with Rule 11, the appellate court held the settlement agreement was unenforceable.[15]

Likewise, in *Matthews,* a probate case, the parties appeared in open court on the date of trial and announced that they had agreed on a settlement of the case. The trial court made the following notation on its docket: "Judgment by agreement, probating will fixing lien on property in favor of contestants and interveners, as per decree." [16] Although the parties thought they had mutually agreed on the necessary details, no proposed decree based on the oral settlement agreement had been prepared at the time of the announcement. Thereafter, the parties could not agree on how to treat delinquent taxes against certain property affected by the will or on whether the matter had been taken into consideration when the settlement agreement was made.[17] After a hearing, the trial court rendered an "agreed judgment" to which some of the parties objected.[18] The appellate court reversed the judgment because the alleged agreement on which it was based did not comply with the District Court Rule 47, the predecessor to Rule 11.[19]

■ Both *Moseley* and *Matthews* involved agreed judgments, rather than judgments enforcing settlement agreements. Nonetheless, these opinions set forth a basic principle applicable to this case: a settlement agreement is unenforceable unless it complies with Rule 11, regardless of whether the parties have orally announced the terms of their agreement to the trial court.

The Bank relies on *Lambda Construction Co. v. Chamberlin Waterproofing & Roofing Systems, Inc.*[20] to support its contentions that the announcement of the agreement during the July 1998 telephone conference was an announcement in open court and that the terms of the agreement have been "entered of record" via the factual recitations in the trial court's judgment. The *Lambda Construction* case is a restricted appeal case, however, not a Rule 11 case. The issues in that case were: (1) whether the construction company, which had participated in a telephone conference that resulted in a dispositive order, was precluded from bringing a restricted appeal on the basis that it had participated in the actual trial of the case;[21] and (2)

13. *Id.* & n. 1.

14. *Id.* at 530.

15. *Id.* at 530–31.

16. 123 S.W.2d at 871.

17. *Id.* at 872.

18. *Id.* at 873.

19. *Id.* at 873–74.

20. 784 S.W.2d 122 (Tex.App.—Austin 1990, writ denied).

21. A party who did not participate, either in person or through counsel, in the trial that resulted in the judgment complained of may file a restricted appeal. *See* Tex.R.Civ P. 30, formerly Tex R.Civ P. 45 (Vernon Pamph. 1997, revised 1997).

whether the trial court's recitations in the order were an agreed statement of facts on which judgment could be rendered under Texas Rule of Civil Procedure 263.[22] The Austin Court of Appeals concluded that the telephone conference was an actual hearing in open court for restricted appeal purposes and that the factual recitations in the order, which were unchallenged, satisfied Rule 263's requirement of an agreed statement of facts.[23]

Here, in contrast, regardless of whether the oral settlement agreement was announced in "open court" during the July 1998 telephone conference, an issue we do not decide in this appeal, the parties disagree sharply about what some of the terms of the July 1998 oral settlement agreement were. Thus, we will not construe the trial court's factual recitations in its judgment as "enter[ing] of record" the terms of the oral agreement.[24] Indeed, the Texas Supreme Court has held that the terms of an oral settlement agreement must be entered of record *before* the agreement can be enforced under Rule 11.[25] In this case, the only document entered of record that purports to set out the terms of the parties' oral settlement agreement is the trial court's judgment itself. This judgment was not entered before the Bank sought to enforce the settlement agreement; thus, the Bank cannot rely on it as proof of the settlement agreement's terms. "Agreements of counsel in the course of a judicial proceeding which affect the interests of their clients should not be left to the fallibility of human recollection," [26] even if the recollection is that of a trial judge rather than a party.

### Rendition of Judgment

■ The Bank also contends that the trial court orally rendered judgment at the July 1998 telephone conference, so the signing of the written judgment in June 1999 was merely a ministerial act. The Bank further contends that, because the judgment was rendered in July 1998, Alcantar could not later withdraw her consent to it.

■ Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk.[27] Thereafter, the trial court's signing of the judgment is merely a ministerial act.[28] While the date a trial court signs a judgment determines when a motion for new trial or notice of appeal must be filed, the date of signing does not affect or change the date of the rendition of the judgment.[29] Further, once the trial court renders judgment based on the parties' settlement agreement, the parties cannot revoke their consent to the agreement.[30]

---

**22.** *Lambda Constr.*, 784 S.W.2d at 124–25. Rule 263 provides that parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk. If the trial court signs and certifies the agreed statement as being correct, the judgment rendered thereon constitutes the record of the cause. Tex.R.Civ.P. 263.

**23.** *Lambda Constr.*, 784 S.W.2d at 125.

**24.** *See* Tex.R.Civ.P. 11.

**25.** *Padilla*, 907 S.W.2d at 461.

**26.** *Wyss v. Bookman*, 235 S.W. 567, 569 (Tex. Comm'n App.1921, holding approved).

**27.** *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex.1995).

**28.** *Henry v. Cullum Cos.*, 891 S.W.2d 789, 792 (Tex.App.—Amarillo 1995, writ denied).

**29.** Tex R.Civ.P. 306a; *Henry*, 891 S.W.2d at 792.

**30.** *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex.1982); *Patel v. Eagle Pass Pediatric Health Clinic, Inc.*, 985 S.W.2d

As support for its position that the trial court rendered judgment during the July 1998 telephone conference, the Bank relies on the judgment, which recites:

[C]ame Alcantar and Bank, the claimants to the funds so interpleaded herein and announced to the Court a compromise and settlement of all controversies between them including causes of action which could have been asserted in this proceeding or elsewhere as well as causes of action actually asserted herein. Based upon the announcements so made to the Court on July 24, 1998, the Court made the following orders:

(1) Alcantar is hereby released and discharged from any and all liability to Bank, including any liability related to the Interpleaded funds.

(2) Bank is hereby released and discharged from any and all liability to Alcantar, including any liability relating to the Interpleaded funds.

(3) Bank is entitled to receive all of the funds in the registry of this Court, and accordingly, the said Bank does hereby have and recover all of said funds and the Clerk of this Court is directed upon the entry of this Judgment to pay to the said Bank all of the funds in the registry of the Court, including accrued interest, if any.

(4) By reason of the terms of this Agreed Judgment and the extinguishment of any liability heretofore existing, if any, the lien held by Bank on Alcantar's vehicle identified as a 64½ Mustang is also extinguished and said Bank is directed to provide such other written assurances as may be necessary to perfect the removal of its encumbrance upon the title to Alcantar's said vehicle;

(5) All court costs not previously discharged shall be paid out of the interpleaded funds and the Clerk is therefore further authorized to retain such costs from the remittance otherwise stated above for the benefit of the Bank.

(6) All relief not specifically granted is hereby specifically denied.

Subsequent to all of the foregoing, and the Orders so made, the Defendant Paty Lou Alcantar maintained that her foregoing announcements and the action thereon by the Court, could not be entertained due to an alleged failure to comply with Rule 11, T.R.C.P. This matter was presented to the Court pursuant to the Motion to Enforce Settlement Agreement filed by Oklahoma National Bank and the Response (Opposition) thereto by the said Alcantar. The Court expressly finds that the law and the facts are with Oklahoma National Bank in this regard and that the provisions of Rule 11, T.R.C.P. have been met in all particulars requisite to the validity of this Judgment. Accordingly the Motion to Enforce the Settlement Agreement made by Oklahoma National Bank is granted. The Court took notice, both personally and judicially, that he was present on the phone in a three party conversation involving counsel for both Paty Lou Alcantar and Oklahoma National Bank on July 24, 1998, that the Agreed Judgment set out above was proclaimed and announced to the Court. That there was no failure on the part of counsel for Oklahoma National Bank to perform pursuant to such settlement and that the necessary record under Rule 11 is now here made by the Court inasmuch as the Court Reporter was not

249, 252 (Tex.App.—Corpus Christi 1999, no pet.).

a party to the telephone conversation identified above.

Because the judgment recites that the trial court "made the following orders" based on the parties' announcements during the July 1998 telephone conference, the Bank asserts those orders were the rendition of an agreed judgment based on the oral settlement agreement. We disagree. The only ruling in the trial court's judgment is the granting of the Bank's motion to enforce the oral settlement agreement. The trial court's factual recitations about what occurred during the July 1998 telephone conference are simply the court's reasons for granting the motion to enforce.

■■■■■ The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself.[31] Moreover, where there appears to be a discrepancy between the judgment's recital and decretal paragraphs, a trial court's recitals, which precede the decretal portions of the judgment, do not determine the rights and interests of the parties.[32] Rather, the decretal provisions in the judgment control.[33]

Here, there is at most a discrepancy between recital and decretal portions of the trial court's judgment. The Bank would have us infer from the judgment's factual recitations that the trial court rendered judgment orally in July 1998. The Bank does not cite any authority for the proposition that a trial court's judgment, rendered "orally" but not reflected in the reporter's record or even in a docket notation in the clerk's record, is valid. In light of our disposition of the matter before us, however, we need not address this issue.

If the trial court had rendered judgment in July 1998, it could have simply signed an agreed judgment in June 1999, thereby entering the judgment it had rendered in July 1998.[34] Instead, however, the judgment grants the Bank's motion to enforce. This ruling indicates that the trial court concluded Alcantar had withdrawn her consent to the settlement agreement before the trial court rendered judgment on it, but that the settlement agreement was enforceable because it complied with Rule 11. Because the trial court's enforcement of the settlement agreement in the decretal portion of the judgment controls over the factual recitations in the judgment, the only ruling presented for our review is the court's granting of the motion to enforce.

■■■■ Further, although recitals contained in a judgment are presumed to be true, this presumption is rebuttable when there is a conflict between the judgment and the record.[35] In this case, there is a conflict between the record and the recitation in the judgment that the trial court made certain orders in July 1998 based on the oral settlement agreement. First, the Bank moved to enforce the settlement agreement rather than simply asking the trial court to sign and enter the judgment

31. *Ellis v. Mortgage & Trust, Inc.*, 751 S.W.2d 721, 724 (Tex.App.—Fort Worth 1988, no writ).

32. *Bayliner Marine Corp. v. Elder*, 994 S.W.2d 439, 445 (Tex.App.—Beaumont 1999, pet. denied); *In re Thompson*, 991 S.W.2d 527, 531–32 (Tex.App.—Beaumont 1999, orig. proceeding).

33. *Crider v. Cox*, 960 S.W.2d 703, 705 (Tex. App.—Tyler 1997, writ denied); 5 ROY W. McDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE § 27.24(a) (2nd ed.1999).

34. *Henry*, 891 S.W.2d at 792.

35. *Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 387 (Tex.App.—Houston [1st Dist.] 1995), *abrogated on other grounds*, 10 S.W.3d 308 (Tex.2000); *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex.App.—Dallas 1992, orig. proceeding).

it had rendered during the telephone conference. Second, the motion to enforce states:

A. Heretofore, on or about July 24, 1998, the Bank and Alcantar concluded their differences by a Settlement Agreement reported to this Court, the terms of which were *to be incorporated* in the Final Judgment *to be rendered* and entered herein.

B. ... Neither Alcantar nor her attorney have honored the Settlement Agreement. They should have, but have not signed [the "Final Judgment and Release" prepared by the Bank] to indicate their approval of it both as to form and to substance.

WHEREFORE, PREMISES CONSIDERED, the Bank requests that pursuant to a hearing the Court *establish and enforce the settlement agreement* .... [Emphasis added.]

Both the allegations in the motion to enforce and the relief requested indicate that the trial court did not render judgment on the oral settlement agreement during the telephone conference.

Finally, at the hearing on the motion to enforce, the Bank only argued that Alcantar had breached the settlement agreement. In addition, the record from the hearing shows that the only issue at the hearing was whether the oral settlement agreement should be enforced. After hearing both parties' arguments and considering the evidence, the court stated:

What I'm concerned about with this motion, number one, the court can enter a judgment in accordance with the settlement agreement *if it meets the requirement of Rule 11*. If it doesn't meet the requirement, the court can't.

[ALCANTAR'S COUNSEL]: I think that's true.

THE COURT: But, if the court doesn't enter a judgment based upon that, because of failure to comply with Rule 11, then neither one of you can sue each other to enforce the agreement on a contract theory.

[ALCANTAR'S COUNSEL]: I'll go with that.

THE COURT: That's what the law says.

[BANK'S COUNSEL]: I think you're right.

THE COURT: And since the judgment is not in writing, it's never been presented to the court, there's no agreement filed that's in writing, and I don't think that the reporter took down the terms of the agreement if they were announced in that telephone conversation. That's what we're going to have to check on.

After further argument and a recess, the court continued:

Okay. We'll reconvene. The court finds that the proposed settlement agreement does not comply with Rule 11 and that it's not been reduced to writing and entered by the court, nor is there announcement in open court; therefore, the plaintiff's motion to enforce the settlement agreement is denied.

There is no evidence, apart from the factual recitations in the trial court's judgment, that the court rendered judgment on the oral settlement agreement during the July 1998 telephone conference. Accordingly, we hold that the presumption concerning the truth of that recital is rebutted by the record. The Bank cannot rely on the recital in the judgment to establish that the trial court rendered judgment in July 1998.

## Conclusion

Because the trial court did not render judgment on the oral settlement agreement in July 1998, and because the settlement agreement does not comply with the requirements of Rule 11, we hold the trial court erred by rendering a judgment enforcing the settlement agreement. We sustain Alcantar's points regarding this issue and, in light of our holding, need not consider her remaining points.

We reverse the trial court's judgment and render judgment that the July 1998 oral settlement agreement is not enforceable because it does not comply with Rule 11. We remand the cause to the trial court for further proceedings consistent with this opinion.