MEMORANDUM OPINION


Nos. 04-09-00009-CV, 04-09-00010-CV



BEXAR METROPOLITAN WATER DISTRICT,


Appellant



v.



Liliana ORANDAY,


Appellee



Bexar Metropolitan Water District,

Appellant


v.


Humberto Ramos,

Appellee


From the 150th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2008-CI-15587, 2008-CI-13594


Honorable David A. Berchelmann, Jr., Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: May 27, 2009


DISMISSED FOR LACK OF JURISDICTION



 In this consolidated interlocutory appeal, Bexar Metropolitan Water District ("Bexar Met")
contends the trial court erred in denying its pleas to the jurisdiction to the lawsuits filed by Liliana
Oranday and Humberto Ramos. Because the orders at issue do not grant or deny Bexar Met's pleas
to the jurisdiction, we must dismiss these appeals for lack of jurisdiction. Oranday's motion to
dismiss the appeals for want of jurisdiction is granted.

 1. An appellate court has jurisdiction to immediately review an interlocutory order only
if specifically permitted by statute. Qwest Communications Corp. v. AT & T Corp., 24 S.W.3d 334,
336 (Tex. 2000). In this case, all parties agree that the relevant statute is Texas Civil Practice &
Remedies Code § 51.014(a), which allows an interlocutory appeal to be considered from an order
granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon 2008). The parties further agree that Bexar Met qualifies as a
governmental unit. They disagree, however, that the following order denies Bexar Met's plea to
the jurisdiction:

 On this day came on to be heard Defendant Bexar Metropolitan Water
District's Pleas to the Jurisdiction. The Court, having considered said Motion, the
Response, the pleadings on file herein, and the arguments of counsel, is of the
opinion that the Pleas should be denied, but Plaintiff should amend its petition with
regard to the claims against Bexar Metropolitan Water District. It is, therefore


 Ordered the Plaintiff shall have thirty (30) days to file an amended petition
addressing the claims asserted against Bexar Metropolitan Water District. (1) 

 2. The decretal provisions of a judgment or signed order control over conflicting recitals
contained within the same judgment or order. See Nelson v. Britt, 241 S.W.3d 672, 676 (Tex.
App.--Dallas 2007, no pet.); Alcantar v. Okla. Nat'l Bank, 47 S.W.3d 815, 823 (Tex. App.--Fort
Worth 2001, no pet.) ("The factual recitations or reasons preceding the decretal portion of a
judgment form no part of the judgment itself."). Applying the rule to the case before us, it is clear
that based on the decretal provision of the order, Bexar Met's plea to the jurisdiction was neither
granted nor denied. The order instead grants Plaintiff thirty days to re-plead as allowed by the
Texas Supreme Court. Texas A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839 (Tex. 2007)
(plaintiff deserves "a reasonable opportunity to amend" unless the pleadings affirmatively negate
the existence of jurisdiction); Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004); Tex. Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004). Furthermore, an examination
of the transcript of the hearing on the plea to the jurisdiction compels the conclusion that the trial
court did not intend to deny the plea, but to allow the Plaintiff an opportunity to amend his
pleadings. The court specifically noted that Plaintiff's pleadings did not affirmatively negate the
existence of jurisdiction:

 [H]e has made some allegations in here of general negligence in the manner in
which the equipment was set up or the methodology in which the employees
operated. I don't know how you would put it, and I don't know what the factual
situation would be. But, you know, you're asking me at this time, really, to dismiss
his cause of action without allowing him an opportunity to try to plead it that way. 
You know, I think the law has always been that in cases I've been familiar with, that
you have the opportunity to replead.


Finally, the trial court noted that Bexar Met could re-urge its plea to the jurisdiction after Plaintiff
had an opportunity to amend his pleadings. Sykes, 136 S.W.3d at 639 (after plaintiff is provided
a reasonable opportunity to amend and amended pleading still fails to allege facts that would
constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action). Here,
Bexar Met filed its notice of appeal before the thirty-day period granted by the trial court had run,
and the automatic stay of section 51.014(b) denied the Plainiff the opportunity to amend his
pleadings. See Tex. Civ. Prac. & Rem. Code § 51.014(b) (Vernon 2008). Because the trial
court's orders neither granted nor denied the pleas to the jurisdiction, we have no jurisdiction over
these consolidated appeals; therefore, the appeals are dismissed for lack of jurisdiction. 


 Phylis J. Speedlin, Justice
1. The identical order was entered in both suits.