

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

Nos. 04-09-00009-CV, 04-09-00010-CV

**BEXAR METROPOLITAN WATER DISTRICT**,
Appellant

v.

Liliana **ORANDAY**,
Appellee

Bexar Metropolitan Water District,
Appellant

v.

Humberto Ramos,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CI-15587, 2008-CI-13594
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:      Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  May 27, 2009

DISMISSED FOR LACK OF JURISDICTION

In this consolidated interlocutory appeal, Bexar Metropolitan Water District ("Bexar Met") contends the trial court erred in denying its pleas to the jurisdiction to the lawsuits filed by Liliana Oranday and Humberto Ramos. Because the orders at issue do not grant or deny Bexar Met's pleas to the jurisdiction, we must dismiss these appeals for lack of jurisdiction. Oranday's motion to dismiss the appeals for want of jurisdiction is granted.

1. An appellate court has jurisdiction to immediately review an interlocutory order only if specifically permitted by statute. *Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 336 (Tex. 2000). In this case, all parties agree that the relevant statute is Texas Civil Practice & Remedies Code § 51.014(a), which allows an interlocutory appeal to be considered from an order granting or denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE Ann. § 51.014(a)(8) (Vernon 2008). The parties further agree that Bexar Met qualifies as a governmental unit. They disagree, however*,* that the following order denies Bexar Met's plea to the jurisdiction:

> On this day came on to be heard Defendant Bexar Metropolitan Water District's Pleas to the Jurisdiction. The Court, having considered said Motion, the Response, the pleadings on file herein, and the arguments of counsel, is of the opinion that the Pleas should be denied, but Plaintiff should amend its petition with regard to the claims against Bexar Metropolitan Water District. It is, therefore
>
> **Ordered** the Plaintiff shall have thirty (30) days to file an amended petition addressing the claims asserted against Bexar Metropolitan Water District.[1]

2. The decretal provisions of a judgment or signed order control over conflicting recitals contained within the same judgment or order. *See Nelson v. Britt,* 241 S.W.3d 672, 676 (Tex.

---

[1] The identical order was entered in both suits.

App.—Dallas 2007, no pet.); *Alcantar v. Okla. Nat'l Bank,* 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.) ("The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself."). Applying the rule to the case before us, it is clear that based on the decretal provision of the order, Bexar Met's plea to the jurisdiction was neither granted nor denied. The order instead grants Plaintiff thirty days to re-plead as allowed by the Texas Supreme Court. *Texas A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 839 (Tex. 2007) (plaintiff deserves "a reasonable opportunity to amend" unless the pleadings affirmatively negate the existence of jurisdiction); *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). Furthermore, an examination of the transcript of the hearing on the plea to the jurisdiction compels the conclusion that the trial court did not intend to deny the plea, but to allow the Plaintiff an opportunity to amend his pleadings. The court specifically noted that Plaintiff's pleadings did not affirmatively negate the existence of jurisdiction:

> [H]e has made some allegations in here of general negligence in the manner in which the equipment was set up or the methodology in which the employees operated. I don't know how you would put it, and I don't know what the factual situation would be. But, you know, you're asking me at this time, really, to dismiss his cause of action without allowing him an opportunity to try to plead it that way. You know, I think the law has always been that in cases I've been familiar with, that you have the opportunity to replead.

Finally, the trial court noted that Bexar Met could re-urge its plea to the jurisdiction after Plaintiff had an opportunity to amend his pleadings. *Sykes*, 136 S.W.3d at 639 (after plaintiff is provided a reasonable opportunity to amend and amended pleading still fails to allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action). Here,

Bexar Met filed its notice of appeal before the thirty-day period granted by the trial court had run, and the automatic stay of section 51.014(b) denied the Plainiff the opportunity to amend his pleadings. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(b) (Vernon 2008). Because the trial court's orders neither granted nor denied the pleas to the jurisdiction, we have no jurisdiction over these consolidated appeals; therefore, the appeals are dismissed for lack of jurisdiction.


Phylis J. Speedlin, Justice