NUMBER 13-07-00427-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TWO BROTHERS TRUCKING,** | **Appellant,** |
| **v.** | |
| **MODINE MANUFACTURING COMPANY AND RENATO ZAPATA & COMPANY,** | **Appellees.** |

### On appeal from the County Court at Law No. 3 of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Rodriguez

The County Court at Law No. 3 in Cameron County entered an order in favor of appellees Modine Manufacturing Company (Modine) and Renato Zapata & Company (Zapata) enforcing a settlement agreement against appellant Two Brothers Trucking (Two Brothers) and awarding attorney's fees to Zapata. Two Brothers challenges the enforcement order and brings four issues on appeal, contending that: (1) the settlement

agreement is unenforceable as a matter of law under rule 11 of the Texas Rules of Civil Procedure; (2) the trial court's findings of fact are unsupported by the evidence and its conclusions of law are unsupported by the findings; (3) Two Brothers had no notice of Modine's participation and argument at the hearing on Zapata's motion to enforce settlement agreement and was, thus, denied due process of law; and (4) there is no legal, factual, contractual, or equitable basis for the award of attorney's fees to Zapata. We reverse and remand.

## I. BACKGROUND

In 2002, Modine, using Two Brothers as its property transportation broker, shipped several truckloads of product from Indiana to Mexico.[1] As part of its arrangement with Modine, Two Brothers negotiated a freight rate with Sunline Commercial Carriers, Inc. for the United States leg of the trips, and Sunline transported the shipments from Indiana to Laredo, Texas on its trucks.[2] As consignee on the bill of lading, Zapata held the products in Laredo before transportation to their ultimate destination in Mexico.[3]

On April 11, 2003, Sunline filed suit on a sworn account against Two Brothers for failure to pay Sunline's invoices. Two Brothers then filed a third-party action against Modine and Zapata, seeking indemnity and reimbursement for Sunline's claims against

---

[1] The number of shipments arranged by Two Brothers for Modine is not clear from the record. However, the exact number is irrelevant for purposes of this appeal.

[2] Tracomsa, S.A., the trucking company that transported the shipments from Laredo to Mexico, is not a party to this case.

[3] A consignee is a person or business holding another's goods for sale or for delivery to a designated agent. BLACK'S LAW DICTIONARY 258 (8th ed. 2005). A bill of lading is a receipt obtained by the shipper of goods from the carrier (e.g. trucking company, railroad, ship, or air freighter) for shipment to a particular buyer. It is a contract protecting the shipper by guaranteeing payment and satisfies the carrier that the recipient has proof of the right to the goods. *Id*. at 135-36.

Two Brothers. The petition also claimed breach of contract damages in the amount of $16,593.00 for freight charges advanced to participating motor carriers by Two Brothers; Two Brothers asserted that Modine was responsible for such transportation charges under the bill of lading contracts and never compensated Two Brothers for advancing payment to the carriers.

The trial court ordered all parties—-Sunline (the original plaintiff), Two Brothers (the original defendant and third-party plaintiff), and Modine and Zapata (the third-party defendants)—-to mediation. Purportedly, the parties reached an agreement under which Sunline would release its claims against Two Brothers, Modine, and Zapata in exchange for payment of $10,000.00, divided as follows: $6,500.00 from Modine; $2,500.00 from Two Brothers; and $1,000.00 from Zapata. At the end of the mediation, the parties did not draft a formalized settlement agreement. Modine and Zapata sent checks for their amounts directly to Sunline.

On April 21, 2006, the trial court issued an order dismissing only the claims of Sunline against Two Brothers, Modine, and Zapata. Zapata filed its motion to enforce settlement agreement on February 21, 2007, claiming that Two Brothers had breached the alleged settlement agreement by failing to dismiss its third-party causes of action against Modine and Zapata.[4] On March 28, 2007, the court held a hearing on Zapata's motion.[5]

---

[4] On the same date, Zapata also filed a motion for sanctions against Two Brothers. However, Zapata withdrew this motion at the hearing on the motion to enforce.

[5] Modine was not a party to Zapata's motion to enforce but appeared at the hearing and adopted Zapata's arguments in favor of granting the motion. Two Brothers has challenged Modine's un-noticed appearance at the trial as a denial of its due process. However, because we conclude that Two Brothers' first issue regarding the alleged agreement's compliance with rule 11 is dispositive, we do not reach Two Brothers' due process issue. *See* TEX. R. APP. P. 47.1.

At the hearing, counsel for Zapata presented and summarized a series of letters sent between the attorneys for the parties following the mediation. One of the letters was sent by Sunline's attorney to the attorneys for Two Brothers, Modine, and Zapata. The remaining two letters were correspondence between the attorneys for Modine and Zapata only. Counsel for Two Brothers objected to the court's consideration of this correspondence because neither he nor his client were included in the final two letters and because there was no correspondence evidencing Two Brothers' assent to the release of its claims against Modine and Zapata. Counsel for Two Brothers repeatedly argued that there was no valid, written settlement agreement that the court could enforce with regard to Two Brothers' third-party claims against Modine and Zapata.

At the conclusion of the hearing, the court granted Zapata's motion to enforce the settlement agreement and awarded Zapata $2,000.00 in attorney's fees. The court issued an order on April 10, 2007, enforcing the settlement agreement. The trial court ordered that (1) monies paid by Modine and Zapata to Sunline constituted full settlement of Two Brothers' third-party claims, and (2) all third-party claims by Two Brothers against Modine and Zapata were dismissed with prejudice. This appeal ensued.

## II. STANDARD OF REVIEW and APPLICABLE LAW

"[C]ompliance with Rule 11 is a general prerequisite for any judgment enforcing an agreement touching a pending suit." *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984); *see* TEX. R. CIV. P. 11. We review whether a court properly applied rule 11 under an abuse of discretion standard. *Breckenridge v. Nationsbank of Tex., N.A.*, 79 S.W.3d 151, 157 (Tex. App.–Texarkana 2001, pet. denied). A court does not abuse its discretion so long as it acts according to guiding rules or principles. *Id*.

4

To enforce a settlement agreement when one party does not consent, the action to enforce "must be based on proper pleading and proof," and the agreement must comply with rule 11.[6] *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995); *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 819 (Tex. App.–Fort Worth 2001, no pet.). Compliance with rule 11 requires that the agreement is either (1) "in writing, signed and filed with the papers as part of the record," or (2) "made in open court and entered of record." TEX. R. CIV. P. 11. A writing is sufficient if it is "'complete within itself in every material detail'" and "'contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony.'" *Padilla*, 907 S.W.2d at 460 (quoting Cohen v. McCutchin, 565 S.W.2d 230, 232 (Tex. 1978); *see also Perales v. Spohn Health Sys. Corp.*, No. 13-03-178-CV, 2004 WL 1576739, at *2 (Tex. App.–Corpus Christi July 15, 2004, pet. denied). In other words, the agreement must comply with general contract principles–-including a valid offer and acceptance–-to comply with rule 11. *See Alcantar*, 47 S.W.3d at 819; *see also Perales*, 2004 WL 1576739, at *2. The agreement can be memorialized in writing through multiple documents. *Roeglin v. Daves*, 83 S.W.3d 326, 330 (Tex. App.–Austin 2002, pet. denied). "[T]he made-in-open-court exception to Rule 11" requires "a statement into the record of the terms of the agreement" and "the agreement of the parties (or their counsel) to be bound by it affirmatively stated on the record." *Anderegg v. High Standard, Inc.*, 825 F.2d 77, 81 (5th Cir. 1987).

---

[6] This court has discussed *Padilla* at length in *Twist v. McAllen National Bank*, in which we concluded that an oral motion made in open court was sufficient to meet the pleading requirement under *Padilla*. 248 S.W.3d 351, 362 (Tex. App.–Corpus Christi 2007, orig. proceeding [mand. denied]). Because Zapata filed a written motion to enforce settlement agreement, the facts in this case are distinguishable and, therefore, do not contravene our holding in *Twist*.

5

## III. DISCUSSION

By its first issue, Two Brothers complains that the settlement agreement that is the subject of Zapata's motion to enforce is unenforceable because it does not comply with Texas Rule of Civil Procedure 11 and, therefore, that the trial court erred in enforcing the agreement. We agree.

Here, it is true that, at the hearing, Zapata and Modine presented the trial court with a series of writings. *See Roeglin*, 83 S.W.3d at 330. These writings were three letters summarized aloud to the court by counsel for Zapata. The first letter sent by Sunline's attorney to the attorneys for Two Brothers, Modine, and Zapata[7] stated the following:

> Please allow this letter to memorialize my conversation with [counsel for Modine] wherein he confirmed settlement of the above-referenced case (i.e. Sunline v. Two Brothers) as to claims by Sunline Commercial Carriers against Two Brothers, Modine, and Zapata. The claims will be settled in the amount of $10,000.00; $6,500 coming from Modine; $2,500 from Two Brothers; and, $1,000 from Zapata. Payment to be received within 14 days.
>
> Please contact me if anybody is not in agreement with such settlement.

The second summarized letter was sent by Zapata to an attorney for Modine, proposing that Zapata pay $1,000 to finally resolve the matter and expressing hope that "they" accept; it is unclear if "they" means Sunline, Two Brothers, or Modine. Regardless, neither Sunline nor Two Brothers was copied on this correspondence. The third and final letter that was read aloud was sent by Modine to Zapata and stated that Modine was responding to Zapata's earlier letter in which Zapata summarized its expenses. Both Zapata and Modine also introduced the checks they had tendered to Sunline and a cover letter from Modine's counsel to counsel for Sunline enclosing Modine's check and stating that the

---

[7] A written copy of this letter is also included in the clerk's record as an exhibit to Zapata's motion for sanctions.

6

check represented Modine's portion of the settlement. These documents were then formally admitted as exhibits by the court. Zapata and Modine argued to the trial court and argue now on appeal that the letters and checks proved the existence of a valid settlement agreement.

To the contrary, whether read together or separately, the writings relied upon by Zapata and Modine do not evidence a settlement agreement to which all parties consented and agreed to dismiss the third-party claims. To enforce the purported agreement, Zapata and Modine were required to show the agreement complied with rule 11. *See Padilla*, 907 S.W.2d at 460; *Alcantar*, 47 S.W.3d at 819. The letter from Sunline's counsel to counsel for the other parties outlined the terms of the supposed agreement but did not, within itself, indicate that the parties had agreed to dismiss Two Brothers' third-party claims against Zapata and Modine. Similarly, Zapata's and Modine's checks to Sunline do not prove that the alleged agreement was intended to dispose of Two Brothers' third-party claims. The other two letters referenced at the hearing demonstrated nothing more than a discussion between Zapata, Modine, and their attorneys about the status of the agreement and did not include Sunline or Two Brothers. *See Roeglin*, 83 S.W.3d at 331-32 (holding that a series of documents did not comply with Rule 11 and prove the existence of an enforceable agreement where none of the letters were signed by the party–-or its attorney–-against whom the agreement was to be enforced); *Prevost v. Ins. Advisors of Tex., Inc.*, 46 S.W.3d 289, 293 (Tex. App.–Fort Worth 2001, pet. denied) (denying the existence of a settlement agreement because, in part, all of the parties had not signed-off on the agreement). In fact, in one of the letters, Zapata communicates its hope that the other parties accept. If anything, this sentiment alone establishes an absence of offer and

acceptance.  *See Alcantar*, 47 S.W.3d at 819; *see also Perales*, 2004 WL 1576739, at *2. In short, the writings urged by Zapata and Modine as proof of a settlement agreement are not "complete . . . in every detail" and do not contain the "essential elements" of a valid agreement.  *See Padilla*, 907 S.W.2d at 460.

Neither does the record demonstrate an agreement made in open court, as is argued by Modine.  *See* Tᴇx. R. Cɪᴠ. P. 11.  At the hearing, counsel for Zapata and Modine discussed the specific terms of the alleged agreement and speculated about the intent of the parties to enter the agreement.  They also hypothesized that Zapata's and Modine's payment to Sunline implied an agreement because they were not parties to the original suit between Two Brothers and Sunline and would have had no other reason to be involved but to settle the third-party claims.  Even assuming this to be a correct supposition, there was, nonetheless, no agreement made in open court because counsel for Two Brothers maintained throughout the hearing that Two Brothers did not assent to the agreement to release its third-party claims.  *See Anderegg*, 825 F.2d at 81.  Absent an offer and acceptance, agreement by all parties, or some other indication that the parties were before the court to announce their settlement, there could not have been an enforceable agreement made before the court.  *See, e.g., Neasbitt v. Warren*, 105 S.W.3d 113, 116-17 (Tex. App.–Fort Worth 2003, no pet.) (enforcing an agreement only where the parties "recited on the record the terms of the agreement" and "consented to the detailed agreement on the record before the trial court").

We cannot say that the trial court acted with reference to guiding rules and principles because the writings in the record do not evidence an enforceable agreement and no agreement was made between the parties in open court.  *See* Tᴇx. R. Cɪᴠ. P. 11.

8

Therefore, the trial court was without authority to enforce the agreement and abused its discretion in granting the motion to enforce, dismissing all third-party claims, and awarding attorney's fees.

We sustain Two Brothers' first issue. Because our conclusion on the first issue disposes of the appeal, we do not reach Two Brothers' remaining issues. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 23rd day of July, 2009.