NUMBER 13-07-00427-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TWO BROTHERS TRUCKING, Appellant,


v.
 


MODINE MANUFACTURING COMPANY

AND RENATO ZAPATA & COMPANY, Appellees.

 




On appeal from the County Court at Law No. 3 

of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Rodriguez



 The County Court at Law No. 3 in Cameron County entered an order in favor of
appellees Modine Manufacturing Company (Modine) and Renato Zapata & Company
(Zapata) enforcing a settlement agreement against appellant Two Brothers Trucking (Two
Brothers) and awarding attorney's fees to Zapata. Two Brothers challenges the
enforcement order and brings four issues on appeal, contending that: (1) the settlement
agreement is unenforceable as a matter of law under rule 11 of the Texas Rules of Civil
Procedure; (2) the trial court's findings of fact are unsupported by the evidence and its
conclusions of law are unsupported by the findings; (3) Two Brothers had no notice of
Modine's participation and argument at the hearing on Zapata's motion to enforce
settlement agreement and was, thus, denied due process of law; and (4) there is no legal,
factual, contractual, or equitable basis for the award of attorney's fees to Zapata. We
reverse and remand.I. BACKGROUND

 In 2002, Modine, using Two Brothers as its property transportation broker, shipped
several truckloads of product from Indiana to Mexico. (1) As part of its arrangement with
Modine, Two Brothers negotiated a freight rate with Sunline Commercial Carriers, Inc. for
the United States leg of the trips, and Sunline transported the shipments from Indiana to
Laredo, Texas on its trucks. (2) As consignee on the bill of lading, Zapata held the products
in Laredo before transportation to their ultimate destination in Mexico. (3) 

 On April 11, 2003, Sunline filed suit on a sworn account against Two Brothers for
failure to pay Sunline's invoices. Two Brothers then filed a third-party action against
Modine and Zapata, seeking indemnity and reimbursement for Sunline's claims against
Two Brothers. The petition also claimed breach of contract damages in the amount of
$16,593.00 for freight charges advanced to participating motor carriers by Two Brothers;
Two Brothers asserted that Modine was responsible for such transportation charges under
the bill of lading contracts and never compensated Two Brothers for advancing payment
to the carriers.

 The trial court ordered all parties--Sunline (the original plaintiff), Two Brothers (the
original defendant and third-party plaintiff), and Modine and Zapata (the third-party
defendants)--to mediation. Purportedly, the parties reached an agreement under which
Sunline would release its claims against Two Brothers, Modine, and Zapata in exchange
for payment of $10,000.00, divided as follows: $6,500.00 from Modine; $2,500.00 from
Two Brothers; and $1,000.00 from Zapata. At the end of the mediation, the parties did not
draft a formalized settlement agreement. Modine and Zapata sent checks for their
amounts directly to Sunline. 

 On April 21, 2006, the trial court issued an order dismissing only the claims of
Sunline against Two Brothers, Modine, and Zapata. Zapata filed its motion to enforce
settlement agreement on February 21, 2007, claiming that Two Brothers had breached the
alleged settlement agreement by failing to dismiss its third-party causes of action against
Modine and Zapata. (4) On March 28, 2007, the court held a hearing on Zapata's motion. (5) 

 At the hearing, counsel for Zapata presented and summarized a series of letters
sent between the attorneys for the parties following the mediation. One of the letters was
sent by Sunline's attorney to the attorneys for Two Brothers, Modine, and Zapata. The
remaining two letters were correspondence between the attorneys for Modine and Zapata
only. Counsel for Two Brothers objected to the court's consideration of this
correspondence because neither he nor his client were included in the final two letters and
because there was no correspondence evidencing Two Brothers' assent to the release of
its claims against Modine and Zapata. Counsel for Two Brothers repeatedly argued that
there was no valid, written settlement agreement that the court could enforce with regard
to Two Brothers' third-party claims against Modine and Zapata.

 At the conclusion of the hearing, the court granted Zapata's motion to enforce the
settlement agreement and awarded Zapata $2,000.00 in attorney's fees. The court issued
an order on April 10, 2007, enforcing the settlement agreement. The trial court ordered
that (1) monies paid by Modine and Zapata to Sunline constituted full settlement of Two
Brothers' third-party claims, and (2) all third-party claims by Two Brothers against Modine
and Zapata were dismissed with prejudice. This appeal ensued.II. STANDARD OF REVIEW and APPLICABLE LAW

 "[C]ompliance with Rule 11 is a general prerequisite for any judgment enforcing an
agreement touching a pending suit." Kennedy v. Hyde, 682 S.W.2d 525, 529 (Tex. 1984);
see Tex. R. Civ. P. 11. We review whether a court properly applied rule 11 under an abuse
of discretion standard. Breckenridge v. Nationsbank of Tex., N.A., 79 S.W.3d 151, 157
(Tex. App.-Texarkana 2001, pet. denied). A court does not abuse its discretion so long
as it acts according to guiding rules or principles. Id. 

 To enforce a settlement agreement when one party does not consent, the action to
enforce "must be based on proper pleading and proof," and the agreement must comply
with rule 11. (6) Padilla v. LaFrance, 907 S.W.2d 454, 462 (Tex. 1995); Alcantar v. Okla. Nat'l
Bank, 47 S.W.3d 815, 819 (Tex. App.-Fort Worth 2001, no pet.). Compliance with rule 11
requires that the agreement is either (1) "in writing, signed and filed with the papers as part
of the record," or (2) "made in open court and entered of record." Tex. R. Civ. P. 11. A
writing is sufficient if it is "'complete within itself in every material detail'" and "'contains all
of the essential elements of the agreement, so that the contract can be ascertained from
the writings without resorting to oral testimony.'" Padilla, 907 S.W.2d at 460 (quoting
Cohen v. McCutchin, 565 S.W.2d 230, 232 (Tex. 1978); see also Perales v. Spohn Health
Sys. Corp., No. 13-03-178-CV, 2004 WL 1576739, at *2 (Tex. App.-Corpus Christi July 15,
2004, pet. denied). In other words, the agreement must comply with general contract
principles--including a valid offer and acceptance--to comply with rule 11. See Alcantar,
47 S.W.3d at 819; see also Perales, 2004 WL 1576739, at *2. The agreement can be
memorialized in writing through multiple documents. Roeglin v. Daves, 83 S.W.3d 326,
330 (Tex. App.-Austin 2002, pet. denied). "[T]he made-in-open-court exception to Rule
11" requires "a statement into the record of the terms of the agreement" and "the
agreement of the parties (or their counsel) to be bound by it affirmatively stated on the
record." Anderegg v. High Standard, Inc., 825 F.2d 77, 81 (5th Cir. 1987). 


III. DISCUSSION

 By its first issue, Two Brothers complains that the settlement agreement that is the
subject of Zapata's motion to enforce is unenforceable because it does not comply with
Texas Rule of Civil Procedure 11 and, therefore, that the trial court erred in enforcing the
agreement. We agree.

 Here, it is true that, at the hearing, Zapata and Modine presented the trial court with
a series of writings. See Roeglin, 83 S.W.3d at 330. These writings were three letters
summarized aloud to the court by counsel for Zapata. The first letter sent by Sunline's
attorney to the attorneys for Two Brothers, Modine, and Zapata (7) stated the following: 

 Please allow this letter to memorialize my conversation with [counsel for Modine]
wherein he confirmed settlement of the above-referenced case (i.e. Sunline v. Two
Brothers) as to claims by Sunline Commercial Carriers against Two Brothers,
Modine, and Zapata. The claims will be settled in the amount of $10,000.00; $6,500
coming from Modine; $2,500 from Two Brothers; and, $1,000 from Zapata. 
Payment to be received within 14 days. 


 Please contact me if anybody is not in agreement with such settlement.


The second summarized letter was sent by Zapata to an attorney for Modine, proposing
that Zapata pay $1,000 to finally resolve the matter and expressing hope that "they"
accept; it is unclear if "they" means Sunline, Two Brothers, or Modine. Regardless, neither
Sunline nor Two Brothers was copied on this correspondence. The third and final letter
that was read aloud was sent by Modine to Zapata and stated that Modine was responding
to Zapata's earlier letter in which Zapata summarized its expenses. Both Zapata and
Modine also introduced the checks they had tendered to Sunline and a cover letter from
Modine's counsel to counsel for Sunline enclosing Modine's check and stating that the
check represented Modine's portion of the settlement. These documents were then
formally admitted as exhibits by the court. Zapata and Modine argued to the trial court and
argue now on appeal that the letters and checks proved the existence of a valid settlement
agreement. 

 To the contrary, whether read together or separately, the writings relied upon by
Zapata and Modine do not evidence a settlement agreement to which all parties consented
and agreed to dismiss the third-party claims. To enforce the purported agreement, Zapata
and Modine were required to show the agreement complied with rule 11. See Padilla, 907
S.W.2d at 460; Alcantar, 47 S.W.3d at 819. The letter from Sunline's counsel to counsel
for the other parties outlined the terms of the supposed agreement but did not, within itself,
indicate that the parties had agreed to dismiss Two Brothers' third-party claims against
Zapata and Modine. Similarly, Zapata's and Modine's checks to Sunline do not prove that
the alleged agreement was intended to dispose of Two Brothers' third-party claims. The
other two letters referenced at the hearing demonstrated nothing more than a discussion
between Zapata, Modine, and their attorneys about the status of the agreement and did
not include Sunline or Two Brothers. See Roeglin, 83 S.W.3d at 331-32 (holding that a
series of documents did not comply with Rule 11 and prove the existence of an
enforceable agreement where none of the letters were signed by the party--or its
attorney--against whom the agreement was to be enforced); Prevost v. Ins. Advisors of
Tex., Inc., 46 S.W.3d 289, 293 (Tex. App.-Fort Worth 2001, pet. denied) (denying the
existence of a settlement agreement because, in part, all of the parties had not signed-off
on the agreement). In fact, in one of the letters, Zapata communicates its hope that the
other parties accept. If anything, this sentiment alone establishes an absence of offer and
acceptance. See Alcantar, 47 S.W.3d at 819; see also Perales, 2004 WL 1576739, at *2. 
In short, the writings urged by Zapata and Modine as proof of a settlement agreement are
not "complete . . . in every detail" and do not contain the "essential elements" of a valid
agreement. See Padilla, 907 S.W.2d at 460.

 Neither does the record demonstrate an agreement made in open court, as is
argued by Modine. See Tex. R. Civ. P. 11. At the hearing, counsel for Zapata and Modine
discussed the specific terms of the alleged agreement and speculated about the intent of
the parties to enter the agreement. They also hypothesized that Zapata's and Modine's
payment to Sunline implied an agreement because they were not parties to the original suit
between Two Brothers and Sunline and would have had no other reason to be involved but
to settle the third-party claims. Even assuming this to be a correct supposition, there was,
nonetheless, no agreement made in open court because counsel for Two Brothers
maintained throughout the hearing that Two Brothers did not assent to the agreement to
release its third-party claims. See Anderegg, 825 F.2d at 81. Absent an offer and
acceptance, agreement by all parties, or some other indication that the parties were before
the court to announce their settlement, there could not have been an enforceable
agreement made before the court. See, e.g., Neasbitt v. Warren, 105 S.W.3d 113, 116-17
(Tex. App.-Fort Worth 2003, no pet.) (enforcing an agreement only where the parties
"recited on the record the terms of the agreement" and "consented to the detailed
agreement on the record before the trial court").

 We cannot say that the trial court acted with reference to guiding rules and
principles because the writings in the record do not evidence an enforceable agreement
and no agreement was made between the parties in open court. See Tex. R. Civ. P. 11. 
Therefore, the trial court was without authority to enforce the agreement and abused its
discretion in granting the motion to enforce, dismissing all third-party claims, and awarding
attorney's fees. 

 We sustain Two Brothers' first issue. Because our conclusion on the first issue
disposes of the appeal, we do not reach Two Brothers' remaining issues. See Tex. R. App.
P. 47.1.

IV. CONCLUSION

 We reverse the judgment of the trial court and remand for further proceedings in
accordance with this opinion.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 23rd day of July, 2009.
1. The number of shipments arranged by Two Brothers for Modine is not clear from the record. 
However, the exact number is irrelevant for purposes of this appeal. 
2. Tracomsa, S.A., the trucking company that transported the shipments from Laredo to Mexico, is
not a party to this case. 
3. A consignee is a person or business holding another's goods for sale or for delivery to a designated
agent. Black's Law Dictionary 258 (8th ed. 2005). A bill of lading is a receipt obtained by the shipper of
goods from the carrier (e.g. trucking company, railroad, ship, or air freighter) for shipment to a particular buyer.
It is a contract protecting the shipper by guaranteeing payment and satisfies the carrier that the recipient has
proof of the right to the goods. Id. at 135-36.


 
4. On the same date, Zapata also filed a motion for sanctions against Two Brothers. However, Zapata
withdrew this motion at the hearing on the motion to enforce.
5. Modine was not a party to Zapata's motion to enforce but appeared at the hearing and adopted
Zapata's arguments in favor of granting the motion. Two Brothers has challenged Modine's un-noticed
appearance at the trial as a denial of its due process. However, because we conclude that Two Brothers' first
issue regarding the alleged agreement's compliance with rule 11 is dispositive, we do not reach Two Brothers'
due process issue. See Tex. R. App. P. 47.1.
6. This court has discussed Padilla at length in Twist v. McAllen National Bank, in which we concluded
that an oral motion made in open court was sufficient to meet the pleading requirement under Padilla. 248
S.W.3d 351, 362 (Tex. App.-Corpus Christi 2007, orig. proceeding [mand. denied]). Because Zapata filed
a written motion to enforce settlement agreement, the facts in this case are distinguishable and, therefore,
do not contravene our holding in Twist.
7. A written copy of this letter is also included in the clerk's record as an exhibit to Zapata's motion for
sanctions.